## IN THE FRANKLIN COUNTY MUNICIPAL COURT
## FRANKLIN COUNTY, OHIO

Pamela Betts
375 Gosfield Gate Road
Westerville, OH 43081,

    Plaintiff,

v.

NCO Financial Systems, Inc.
C/o Statutory Agent
CT Corporation System
1300 E. 9th Street
Cleveland, OH 44114,

    and,

John Does 1-2
Name Unknown
Address Unknown,

    Defendants.

Case No._____

JUDGE_____

---

### VERIFIED COMPLAINT (Unlawful Debt Collection Practices)

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.*



EXHIBIT A

## II. FACTUAL ALLEGATIONS

2. Plaintiff, Pamela Betts, is a natural person residing at 375 Gosfield Gate Road in Westerville, Franklin County, Ohio.

3. Upon information and belief, Defendant is NCO Financial Systems, Inc. a Pennsylvania debt services company operating from an address at 507 Prudential Road, Horsham, Pennsylvania 19044 and doing business collecting debts in the State of Ohio.

4. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named in this caption.

5. All named defendants and John Does 1 through 2 inclusive are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

8. Plaintiff, Pamela Betts, is a 60-year-old woman who became over extended due to expenses related to the care of her terminally ill mother.

9. Because of the financial difficulty thus visited upon her, Plaintiff could not make payments on her Macy's Visa account with an alleged outstanding balance of approximately $4,000.00, which Plaintiff used for the personal, family, and household services of the Plaintiff (the alleged Debt).

10. At some time prior to September 9, 2008, the alleged Debt was consigned, placed, sold, or otherwise transferred to Defendants for collection from Plaintiff Pamela Betts.

11. Defendants contacted Plaintiff's son-in-law on or about September 9, 2008 requesting to speak with Plaintiff.

12. Plaintiff never authorized Defendants to speak with her son-in-law concerning the alleged debt.

13. Plaintiff's son-in-law told Defendant that Pamela Betts was not at the number she dialed.

14. Defendant told Plaintiff's son-in-law that Plaintiff had given the number dialed as a contact number.

15. Plaintiff never gave Defendant the number dialed as a contact number.

16. Defendant asked Plaintiff's son-in-law to get in touch with Plaintiff as soon as possible to contact Defendant because Defendant was going to get a court date in the morning.

17. Plaintiff was extremely upset and embarrassed after speaking with her son-in-law and contacted Defendant. Plaintiff was told if she did not calm down then Defendant would not give her any information and then hung up the phone.

18. A supervisor called back approximately five minutes later and apologized for the actions of the previous representative.

19. Defendant's agents were acting with the knowledge, consent and at the direction of the Defendant, NCO Financial Systems, Inc.

20. Defendant, NCO Financial Systems, Inc., is thereby responsible for the actions of their agents under the doctrine of *respondeat superior*.

21. Plaintiff felt sick, tense, experienced headaches requiring medication, nervous, afraid, worried, unhappy, had bouts of crying, unstable, unable to concentrate, irritable, had skin eruptions, and felt humiliated from the severe stress caused by Defendants' actions and was terrified of the lawsuit.

### III. FIRST CLAIM FOR RELIEF

#### (Violations of the FDCPA)

22. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

23. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

   (b) Defendants violated 15 U.S.C. § 1692e by using a false, deceptive, and misleading means in connection with the collection of a debt.

   (c) Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt.

   (d) Defendants violated 15 U.S.C. § 1692c by communicating with third parties without the prior consent of the consumer.

   (e) Defendants violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendants.

   (f) Defendants violated 15 U.S.C. § 1692e(3) by threatening to take legal action not intended to be taken.

(g) Defendants violated 15 U.S.C. § 1692e(10) by the various misrepresentations set forth above.

24. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, as well as Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k in an amount less than $15,000.00, of which the exact amount will be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

a. Declaratory judgment that Defendants' conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**LUFTMAN, HECK & ASSOCIATES, LLP**

Scott C. Florin (0080255)
580 East Rich Street
Columbus, Ohio 43215
Phone: (614) 224-1500
Fax: (614) 224-2894
sflorin@lawlh.com
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT

State of __Ohio__

County of __Franklin__, to wit:

__PAMELA BETTS__, the Complainant named in the foregoing Complaint being duly sworn, says that the facts and allegations contained therein are true, except so far as they are therein stated to be on information, and that, so far as they are therein stated to be on information, she/he believes them to be true.

__Pamela Betts__
Complainant (signature)

Taken, sworn to and subscribed before me this __1st__ day of __October__, 2008.

__Mary Lou Gallimore__
Notary Public

MARY LOU GALLIMORE
Notary Public, State of Ohio
My Commission Expires
May 17, 2009